We'll hear argument now in the case of Singh against Garland. Mr. Moir. Good morning, Honorable Judges. Thank you, Judge Easterbrook. Judge Scudder, we meet here for the first time. Welcome to this bench. Judge Ripple, I hope everything is okay. My name is Godfrey Mwangi, and I represent Mr. Singh. And right out of the box, I'm going to concede something, which is in the respondent's brief. And that is that my client has an administrative exhaustion problem. However, I hasten to say that there are exceptions to that rule. And one of those has to do with the agency reaching an issue sua sponte. In this case, the board discussed past persecution and also discussed the IJ's analysis of the CAD claim. Now, the other issues that the respondents argued that we forfeited include the ineffective assistance of counsel claim. Now part of why that does not appear very prominently in our brief is because I was afraid to hurt someone that I care a lot about but was already dead, and that is the lawyer who represented Mr. Singh at the board. Now, the reason that I think he should have done something more is because the lawyer who represented Mr. Singh before the IJ clearly performed efficiently. And I highlight that very slightly in our brief. Now, I feared hurting someone who was already dead. No excuse for that. But this morning, looking at Model Rule 3.3, specifically subsection C, I have an obligation to be candid when I'm standing here before you as a court, as a tribunal. And I have to tell you that Attorney Dodd-Imani in front of the IJ did things that I think the board was aware of because when Mr. Block filed his notice of appeal, he attached an addendum, which appears in the record at page 68, in which he said several things. He said, we don't have the documents. Mr. Dodd-Imani has not given us the documents, but also added that he filed documents that Mr. Singh had not seen and did not know what those documents included. Then he filed a motion to extend time to file the brief principally because he still didn't have the documents from Mr. Singh's Immigration Court Counsel. He attached an affidavit in which Mr. Singh swears a number of things. He swears, which is stark, that Mr. Dodd-Imani actually told him just before the hearing, if they ask you who attacked you, say BJP, not Congress Party. Now, that's problematic because Mr. Singh's story, until Mr. Dodd-Imani became involved in the case, and you see that in a document the IJ did not admit as evidence, but which featured prominently during cross-examination in front of the IJ, Mr. Singh says Congress Party four times, pages in the administrative record 179, 180, 189, not once in that document at pages 176 to 183 does he even mention BJP. BJP comes up for the first time in a document dated August 20, 2019, which is in the administrative record at page 448 to 450, which is the first statement which Mr. Dodd-Imani withdrew. Now, after that, in documents that appear in the record under a filing made on February 21st of 2020, there are several documents that identify BJP as the attackers and none says Congress Party. I don't believe that's a coincidence because consistently prior to Mr. Dodd-Imani becoming involved in the case, Mr. Singh says Congress Party, but also in his affidavit he says he told me, say BJP, don't say Congress Party. And so is that something that the board should have addressed on its own? Well, it's reviews denoted, but also he notified a couple of ways. First, in the notice of appeal addendum, then in his motion to extend time to file a brief. So that's in the record. And so if you look at pages 50 to 54, you see the motion to extend and the affidavit in which Mr. Singh says he sent documents to India that I hadn't seen, filed them without showing them to me. He prepared a statement. He said it was better than the first statement. He didn't discuss it with me. And so to me, Mr. Block should have done something with that. Now, I know why because I knew him very well. The brief he filed is dated July – it was filed July 8, dated July 7. That was after the July 4th weekend, and I'd seen him. He was in bed. He was working, though, with his laptop, but he was very sick. Is that contributory to what happened here? I don't know. I think it is. Now, the board itself, when it came to its review, said clear error is our review of the IJ's CAT claim. But when you think about a CAT claim and the IJ's analysis of it, the IJ is applying law to fact. And the law is in Section 1208A.4 of Title 8 of the Court of Federal Regulations, where it includes mental pain in the definition of torture. Now, Mr. Singh has witnesses whose affidavits are in the record who say that those who attacked him went with the police to his mom's house and said, if we find him, we'll kill him. Now, if someone says to me that, guess what, they said if they find you, they'll kill you, I am going to suffer mental pain. Mr. Mohanji, let me ask you a question here. In our court, you present primarily the arguments you're focused on this morning within the framework of a due process violation, what you call a due process violation in your brief. Did you advance these contentions? Because the IJ hearing, of course, already happened. Did you advance these in the name of due process before the board? No, I did not, Your Honor, and I didn't represent Mr. Singh before the board. Okay. Right. Were they presented that way? Mr. Block did not. Okay. Did not present them. Were they presented as violations of any statute or regulation by the immigration judge? They were not presented that way either. Okay. So does this fit into the category? And I appreciate your candor at the outset of the argument. Does this fit into the category of these just weren't raised, but they're now being raised in the Seventh Circuit? That is correct, Judge, and the respondents are correct that we are raising them for the first time here. Okay. And, again, you know, human nature as it is, I was afraid. Now, as to the IJ's decision, I mean, the IJ says several things. The IJ says there are inconsistencies here. But the IJ says there are inconsistencies here in the oral decision, which happened after taking of testimony and evidence was closed. She says he did not explain them, but nobody confronted him with those inconsistencies to let him explain them. And she makes some other findings. For example, he doesn't belong to Shiromani Akali Dow Amritsar Party. Well, his testimony, which is unimpeached, is he joined that party January 1st of 2017. He says he is unfamiliar with the other goals of that party. Well, he's familiar with the fact that it helps the poor that the government doesn't help. And he says that's exactly why he joined that party, worked for it. The IJ says . . . Thank you, Counsel. Mr. Pryby. May it please the Court. Christopher Pryby for the Attorney General. Counsel for the petitioner has conceded that most of his arguments were not presented to the board, whether it was by him or the previous attorney. I think you're starting at the right place for your side here. Can you summarize what issues do you believe are before us on appeal? That are properly exhausted and not waived. Right. So what do you believe that we need to decide? One issue is whether the arguments are properly exhausted, and Counsel has conceded that they are not. The only two arguments that I could find that did not need exhaustion, which are only just arguments that the board did something wrong on its own, were that the board improperly compared the petitioner's physical injuries to those in Chutchman. That's on his opening brief, pages 21 to 22. And that the board's holding of the waiver of the CAC claim was negated by its ruling on the merits and the alternative. And that's on opening brief, page 22. As to if you would like me to address the merits of those two particular arguments, the Chutchman itself says that it did this analysis where it measured the severity of the injury sustained by the petitioner in that case against cases that this court cited as having worse injuries, and still found that because those injuries had been not considered to the level of persecution or torture, likewise for those in Chutchman. So Chutchman supports that there's substantial evidence for the agency's findings here. And then as for whether the board revived the CAC claim to some extent, the only thing that the board talked about was whether the police threat to arrest petitioner for reporting BJP attacks rose to the level of torture, and it did not. And under the Chenery Doctrine, that's the only reason that was given, and this court is limited to that reasoning. And it does not compel a reasonable adjudicator to find that the petitioner is more likely than not to be tortured just because a police officer threatened to have him arrested. Petitioner counsel made a couple more arguments that the government has not had a chance to respond to, and I will briefly respond to those. First is that talking in the argument just now about torture, including mental pain, I do not believe this was argued in Petitioner's opening brief. I've only been able to review it very briefly during his argument, but I don't think it was preserved in the opening brief, so it should be held waived by this court. And the second is in the reply brief, Petitioner states that the Bosetti case is an exception to this court's exhaustion rule. Bosetti does not apply here. That involves a fundamental miscarriage of justice, such as ignoring this court's precedent and saying you can bribe your way out of persecution. That's not what happened here in Bosetti. Basically the I.J. ignored evidence that the petitioner there proffered, and here in this case the I.J. is accused of violating due process by accepting the evidence that the petitioner offered into evidence. In fact, if your honors have no further questions, then the government would respectfully request that you deny the petition for review. Thank you. Thank you very much, counsel. The case is taken under advisement, and the court will take a brief recess before calling the sixth case.